IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**United States for the Use and Benefit of
ALL INDIAN ENTERPRISES, INC.**,
**a Navajo Nation Corporation,**

    Plaintiff,

vs.                                                   No. CIV 99-604 LCS/WWD

**PC&M CONSTRUCTION CO.** ,
**a New Mexico Corporation, and
AMWEST SURETY INSURANCE CO.,**
**a California Corporation**,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on Plaintiff's Motion for Attorney Fees and Costs *(Doc. 23)*, filed March 15, 2000. The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant law. For the reasons stated in the following opinion, the Court finds that Plaintiff's Motion is well taken in part and will be granted in part.

Plaintiff brought this cause of action under the Miller Act, 40 U.S.C. § 270b, seeking to recover amounts that were unpaid under a subcontract for fencing work that was performed at the Fort Wingate Military Reservation. This court granted Plaintiff's motion for summary judgment, and entered judgment for Plaintiff in the amount of $13,963.05, the full amount sought by Plaintiff as unpaid under the subcontract. *See* Mem. Op. & Order *(Doc. 20)* and Judgment *(Doc. 21)*,

entered February 18, 2000. The subcontract contained an attorney fee shifting provision.[1]

Plaintiff seeks attorney fees in the total amount of $15,910.73, including $1,146.05 in attorney fees to prepare its reply to Defendants' response to the motion for attorney fees. Defendants object generally to the attorney fee request as being unreasonable and excessive, noting that the requested fees exceed the amount of the judgment and that Defendants had a good faith belief in their defense. Defendants also object to certain attorney fees associated with Plaintiff's bankruptcy action, and certain entries that Defendants claim are more in the nature of "paralegal and secretarial work" rather than legal work.

In a Miller Act claim brought under federal and New Mexico law, the United States Court of Appeals for the Tenth Circuit has recognized that a subcontractor may recover attorney fees based on an attorney fee agreement contained in the subcontract. *See United States ex rel. C.J.C. Inc. v. Western States Mechanical Contractors, Inc.*, 834 F.2d 1533, 1548 (10th Cir. 1987). However, the trial court has discretion to reduce or to deny an award of attorney fees pursuant to such a contractual provision if the award would be inequitable or unreasonable. *See id.* Both federal and New Mexico law apply the identical "inequitable or unreasonable" standard in determining whether to reduce or deny an award of attorney fees. *See id* at 1549 n.17.

I find that Defendants' general objections to the motion for attorney fees are without merit. Although the attorney fee request exceeds the contract amount in dispute, this is primarily

---

[1] The attorney fee provision is not a model of clarity, as it provides that the prevailing party would be "entitled to reasonable attorney fees and costs litigated under the jurisdiction of the courts of the Navajo Nation." *See* Ex. 1 to Pl.'s Motion for Summ. J., filed Jan. 21, 2000 *(Doc. 17)*. Nonetheless, Defendants did not challenge the validity of the fee shifting provision in their response, and the parties have stipulated that federal law and New Mexico law (not the law of the Navajo Nation) controls this action.

2

due to the small dollar amount of Plaintiff's claims and the fact that the Miller Act requires that these claims be brought in United States District Court. It appears that a considerable fraction of the attorney fees were incurred by Plaintiff in efforts to resolve this case before trial, including attending a court-ordered settlement conference, attempting to obtain agreement to submit this matter to binding arbitration, and preparing the successful motion for summary judgment. Defendants do not dispute that a fee of $140 per hour is reasonable for an attorney with the qualifications of Plaintiff's counsel, nor do they dispute the number of hours billed for most of the services rendered. I do not find that an award of attorney fees exceeding the contract amount in dispute is inequitable or unreasonable under the circumstances of this case.

I find that Defendants' objection to certain attorney fees at the commencement of the action associated with Plaintiff's Chapter 11 bankruptcy proceedings is well taken. Attachment A to Plaintiff's Motion for Attorney Fees lists a total of 3.0 hours from March 3, 1999 through April 15, 1999 that appear to be associated with the bankruptcy proceedings. Plaintiff claims that work required by Plaintiff's bankruptcy action should be included in the attorney fee award because Defendant PC&M Construction was aware that Plaintiff's bankruptcy was pending at the time the subcontract was signed, and because appointment as special counsel was necessary to pursue these claims. I find that it is unreasonable and inequitable for Defendants to bear this expense. The amount of time expended for an unopposed motion for appointment of counsel appears to be excessive. Furthermore, the appointment of Mr. Barnhouse as special counsel was necessitated as much by Plaintiff's Chapter 11 filing as by Defendants' breach of contract. Plaintiff has not met its burden to show that attorney fees in the bankruptcy action are within the scope of the contracted attorney fee provision. Therefore, Plaintiff's fee request will be reduced by 3 hours, or

3

$420.00 plus gross receipts tax.

I find that Defendants' objection to certain work that they characterize as "paralegal work" is not well taken. I note that Defendants object only to the entry for 0.3 hours on June 1, 1999, a portion of the 0.8 hour entry on July 30, 1999, and an entry for 0.2 hours on November 15, 1999. At most, this objection would reduce the attorney fee award by perhaps one hour. All of the work on these matters was performed by Mr. Barnhouse, not by a paralegal, and the time entries appear to be prudent and economical. I do not find that it is either unreasonable or inequitable to award these fees to Plaintiff.

Plaintiff requests an additional $1,146.05 in attorney fees for preparing its reply memorandum on the attorney fee issue. This is a significant fraction of Plaintiff's attorney fee request for the entire case. Plaintiff's reply memorandum is optional under local rules, and the memorandum added very little to the disposition of this motion. Defendants prevailed on one of their objections to the motion. Under the circumstances, I find that it is inequitable and unreasonable for Defendants to bear the attorney fees for preparing the reply memorandum.

WHEREFORE, IT IS ORDERED that Plaintiff's Motion for Attorney Fees and Costs *(Doc. 23)*, filed March 15, 2000, is **granted in part**. Plaintiff shall recover attorney fees for 96.2 hours of services rendered at $140 per hour plus gross receipts tax, for a total of $14,318.17.

_____
**LESLIE C. SMITH**
**United States Magistrate Judge**

F:\Brian\Opinions\99-604 atty fees